696 N.W.2d 702 (2005)
472 Mich. 1242
In re Mag. James P. CONRAD, Magistrate, 37th District Court, 8300 Common Road, Warren, Michigan 48093.
Docket No. 128451.
Supreme Court of Michigan.
May 26, 2005.
The Judicial Tenure Commission has issued a Decision and Recommendation for an Order of Discipline, to which the respondent, 37th District Court Magistrate James P. Conrad, consents. It is accompanied by a Settlement Agreement and Verified Waiver, Consent, and Agreement. Respondent has agreed to a public censure and a 180-day suspension without pay. Respondent has also agreed to remain in the alcohol counseling program that is administered through the 37th District Court until being discharged from it.
In resolving this matter, we are mindful of the standards set forth in In re Brown, 461 Mich. 1291, 1293, 625 N.W.2d 744, 745 (2000):
Everything else being equal:
(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;
(2) misconduct on the bench is usually more serious than the same misconduct off the bench;
(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;
(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;
(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;
(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;
(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.
In the present case, those standards are being applied in the context of the following stipulated findings of fact of the Judicial Tenure Commission, which, following our de novo review, we adopt as our own:
1. Respondent is, and at all material times was, a magistrate of the 37th District Court for the city of Warren, Macomb County, Michigan.
2. As a magistrate, he is subject to all the duties and responsibilities imposed on him by the Michigan Supreme Court, and is subject to the standards for discipline *703 set forth in MCR 9.104 and MCR 9.205.
3. On October 4, 2003, two police officers observed Respondent driving at the intersection of Sherwood and Iowa in Detroit.
4. The officers effectuated a traffic stop based on a suspicion that Respondent was under the influence of alcohol.
5. After taking Respondent into custody, the police administered him two breathalyzer tests.
6. The results of each test established that Respondent's blood alcohol content was .21.
7. A blood alcohol content of .21 is over the legal limit for operating a motor vehicle in Michigan, and constitutes operating a vehicle under the influence of intoxicating liquor, under MCL 257.625.
8. Respondent was the defendant in People v. James P. Conrad, 36th District Court Case No. 521712, which was dismissed on the trial date of December 6, 2004 when the arresting officer failed to appear.
9. On April 2, 1998, Respondent was driving on Gratiot in Roseville, Michigan in the early morning hours.
10. A state police trooper effectuated a traffic stop at approximately 2:45 a.m., under a suspicion that Respondent was driving under the influence of alcohol.
11. The Macomb County Sheriff department administered Respondent two breathalyzer tests after Respondent was taken into custody.
12. The results of each test established that Respondent's blood alcohol content was .20.
13. At the time, a blood alcohol content of .10 or higher was over the legal limit for operating a motor vehicle in Michigan, and constituted operating a vehicle under the influence of intoxicating liquor, under MCL 257.625.
14. Respondent admits that his conduct in both instances was wrong, and he deeply regrets any disgrace or embarrassment he has brought to the judiciary as a result.
After reviewing the recommendation of the Judicial Tenure Commission, the settlement agreement, the standards set forth in Brown, and the above findings of fact, we accept the recommendation of the Commission and ORDER that Magistrate James Conrad be publicly censured and suspended without pay for 180 days. Because of respondent's status as 80% court administrator and 20% magistrate, respondent is ordered to repay to the district court $3,000 of his salary after 90 days of suspension, and $3,000 of his salary after 180 days of suspension. This order stands as our public censure.